UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Vaughn Fultz, | ) | CASE NO. 1:10 CV 2683 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Columbia Gas of Ohio, Inc., et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon plaintiff's Motion for Remand and Award of Fees and Costs (Doc. 7). This is an employment discrimination case. For the reasons that follow, plaintiff's motion is GRANTED.

**FACTS**

Plaintiff, Vaughn Fultz, brings this action against defendants, Columbia Gas of Ohio, Inc., David Odelli, Michael Tice, and Brian Tomcho (hereinafter "defendants"). Plaintiff is a former employee of Columbia Gas. Defendants Odelli, Tice, and Tomcho were plaintiff's supervisors. Plaintiff alleges that he was subject to race, age, and disability discrimination, and

1

also alleges that defendants retaliated against plaintiff because he engaged in activity protected by law. Plaintiff originally filed this case in the Cuyahoga County Court of Common Pleas. Plaintiff filed an amended complaint in the Court of Common Pleas on June 30, 2010. The amended complaint contains the following jurisdictional allegation:

> The Court has jurisdiction over Plaintiff's claims against Defendants pursuant to Ohio Revised Code § 2305.01, Ohio Revised Code § 4112.02(A), Ohio Revised Code § 4112.02(I), 29 U.S.C. § 2617, Ohio Revised Code § 4112.02(J), and Ohio Revised Code § 4112.99.

(Cmplt. ¶ 6.) Claims under the Family and Medical Leave Act (hereinafter "FMLA") are encompassed by 29 U.S.C. § 2617. The amended complaint alleges that plaintiff suffered from mental and/or physical impairments including but not limited to chronic obstructive pulmonary disease, and that such condition required continuing treatments and leaves of absence. (Id. at ¶¶ 11-12.) The amended complaint alleges that defendants discriminated against plaintiff by:

- treating him less favorably in the terms and conditions of his employment than employees who did not suffer from such an impairment and/or require leave;

- subjecting him to heightened standards of performance and increased scrutiny as compared to employees who did not suffer from such an impairment and/or require leave; and

- subjecting him to unwarranted discipline or disproportionately harsh discipline as compared to employees who did not suffer from such an impairment and/or require leave, including suspension and termination.

(Id. at ¶ 20.) The amended complaint also alleges that defendants retaliated against plaintiff because he sought leave and/or accommodations for his disability and/or serious medical condition (id. at ¶ 21) and that the retaliation included:

- treating him less favorably in the terms and conditions of

2

>  > his employment than employees who did not suffer from
>  > such an impairment and/or require leave;
>
> • subjecting him to heightened standards of performance and
>   increased scrutiny as compared to employees who did not
>   suffer from such an impairment and/or require leave; and
>
> • subjecting him to unwarranted discipline or
>   disproportionately harsh discipline as compared to
>   employees who did not suffer from such an impairment
>   and/or require leave, including suspension and termination.

(Id. at ¶ 23.) Plaintiff further alleges that defendants' decision to terminate plaintiff was motivated by unlawful considerations of his "request for accommodation/leave." (Id. at ¶ 25.) Plaintiff's prayer for relief includes a request for "punitive, liquidated and/or exemplary damages in an amount to be determined at trial."

On July 17, 2010, defendants answered the amended complaint. The parties thereafter engaged in discovery. On September 15, 2010, plaintiff served his responses to defendants' interrogatories via email, alleging that defendants retaliated against him for seeking FMLA leave. Plaintiff's verification page was not included in the emailed interrogatory responses. Defendants received the verification page to plaintiff's interrogatory answers on November 9, 2010. Defendants deposed plaintiff on November 10. Finally, on November 15, defendants' counsel inquired of plaintiff's counsel whether plaintiff sought to bring a claim under FMLA, and plaintiff's counsel answered affirmatively. Defendants then removed the case to this Court.

Plaintiff now moves to remand, arguing that the removal was untimely because defendants had notice of a federal claim when the amended complaint was served. Defendants oppose the motion.

**LAW AND ANALYSIS**

3

Plaintiff moves to remand the case and also for an award of fees and costs related to his motion to remand.

**A.      Motion to Remand**

Defendants' notice of removal was based on 28 U.S.C. § 1441(b), which provides that "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."  District courts have original jurisdiction over actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  The parties agree that the Court has original jurisdiction over plaintiff's FMLA claim.

Defendants' notice of removal was also based upon 28 U.S.C. § 1446(b), which provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based. . . .  If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

The parties disagree as to when the case became removable.

Plaintiff argues that the 30-day removal period began on June 30, 2010, when he filed his amended complaint, which he argues explicitly included FMLA claims.  Plaintiff also argues that even if the amended complaint did not trigger the beginning of the removal period, defendant's receipt of plaintiff's interrogatory responses on September 15, 2010 triggered the removal period.  In support, plaintiff points out that defendants acknowledge in their Notice of Removal

4

that the interrogatory responses allege that defendants retaliated against plaintiff for seeking leave under the FMLA. Plaintiff further argues that it is entitled to its fees and costs because defendants' removable was unreasonable and untimely.

Defendants argue that the only reference to the FMLA in the entire amended complaint is the jurisdictional allegation contained in paragraph 6. Defendants also argue that paragraphs 20, 21, 23, and 25 do not refer to the FMLA but only to "leave"; do not allege that plaintiff suffered from "a serious health condition"; and do not claim that plaintiff was entitled to, denied, or retaliated against for taking FMLA leave. Mere reference to a federal statute, defendants argue, is insufficient to state a federal claim. Defendants further argue that the allegations in paragraphs 20, 21, 23, and 25 are consistent with plaintiff's state law discrimination claims and could not have put defendants on notice that plaintiff was pursuing a FMLA retaliation claim. Defendants contend that had they removed the case based solely on the amended complaint, it would have been improper.

With respect to plaintiff's interrogatory responses, defendants argue that because the verification page was not included, the responses could not as a matter of law have put defendants on notice of plaintiff's intention to assert claims under the FMLA. Moreover, defendants argue, such responses were not enough to put defendants on notice that plaintiff was pursuing an FMLA claim because the responses stated that FMLA leave was one of the forms of protected activity that plaintiff relied upon to support his state law retaliation claim. It was not until plaintiff's deposition on November 10, 2010, defendants argue, that defendants had enough information to inquire of plaintiff's counsel whether plaintiff was bringing a separate FMLA claim.

5

In reply, plaintiff argues that the amended complaint contains the appropriate jurisdictional allegation with the statutory reference to FMLA, that the amended complaint refers to plaintiff's serious medical condition requiring continuing treatment and leaves of absence, and that plaintiff has included a request for liquidated damages in his prayer for relief, a type of relief not available under the state law discrimination statute. Plaintiff argues that these elements gave defendants the clear and unambiguous information that plaintiff was asserting a federal claim and thus the amended complaint triggered the 30-day removal period.

Upon review, the Court finds that defendants' removal is untimely. The 30-day period for removing a complaint starts from the date that a defendant has solid and unambiguous information that the case is removable. 28 U.S.C. § 1446(b); *Holston v. Carolina Freight Carriers Corp.,* No. 90-1358, 1991 U.S. App. LEXIS 14129, at * 7 (6th Cir. June 26, 1991). This information need not be a "clear statement that the case is removable," but may be triggered by "the receipt of notice of facts that lead to the possibility of removal," even if the defendant itself is the source of such facts. *Id.* at *7-10. The *Holston* court's holding is consistent with the conclusions of several other courts, including this one, that a defendant "has an affirmative duty to make reasonable inquiry to ascertain the existence of federal jurisdiction and pursue 'clues' of potential federal jurisdiction as soon as they are uncovered."[1] *Haber v. Chrysler Corp.,* 958 F. Supp. 321, 326 (E.D. Mich. 1997). *See also Parks v. University Hospitals Case Medical Center,* No. 1:10 CV 2746, 2010 U.S. Dist. LEXIS 134778, at *11 (N.D. Ohio Dec. 10, 2010) (Oliver,

---

[1] *Holston* acknowledged that when a complaint contains "clues" that the case is removable, the 30-day removal period may be triggered, but did not address the issue as the complaint in that case was determined to contain no such clues. 1991 U.S. App. LEXIS 14129 at n.1.

J.). Accordingly, if "jurisdiction is ambiguous, defendant must inquire about removability within a reasonable period of time." *Id.* at \*14.

Plaintiff's amended complaint expressly alleged that the state court's jurisdiction arose under 29 U.S.C. § 2617, among other state statutes. The amended complaint also contained allegations that plaintiff suffered from a serious medical condition and that he was discriminated against and retaliated against for taking leave. These combined allegations constitute solid and unambiguous information that the case was removable when the amended complaint was filed. Defendants acknowledge that plaintiff's amended complaint contained no specific causes of action and included no headings labeling the counts that plaintiff was advancing, but defendants did not seek to clarify plaintiff's claims.

Defendants' cited cases are distinguishable. In *Jordan v. Humana Military Healthcare Svcs., Inc.,* No. C-3-06-051, 2006 U.S. Dist. LEXIS 25845, at \*4-5 (S.D. Ohio May 2, 2006), the plaintiff's complaint stated three causes of action pursuant to Ohio law. It contained factual allegations that the plaintiff was treated differently under Ohio law when the defendant refused to process her FMLA paperwork and required her to call in every day while she was on FMLA leave. The court found the plaintiff's complaint did not arise under federal law and remanded the complaint to state court. In contrast, plaintiff's amended complaint explicitly states that it arises under federal law.

Defendants also cite to cases supporting their argument that they would have been subjected to a claim for fees on the grounds that removal was objectively unreasonable if they had removed the case based solely on the amended complaint. The Court first notes that plaintiff agrees that he is pursuing an FMLA claim, so if defendants had promptly removed the case no

7

such claim would have occurred. Further, the complaint in *Warthman v. Genoa Twp. Bd. of Trustees,* 549 F.3d 1055 (6th Cir. 2008) mentioned the Due Process Clause only in passing and did not invoke federal jurisdiction under 42 U.S.C. § 1983, unlike this case where the amended complaint explicitly stated that the court had jurisdiction pursuant to the FMLA. *See also Slack v. JP Morgan Chase & Co.,* No. 2:10 CV 024, 2010 U.S. Dist. LEXIS 53496, at *3-4 (S.D. Ohio June 1, 2010) (plaintiff entitled to fees where complaint mentioned FMLA only in support of state law claim for violation of public policy).

Even assuming that plaintiff's amended complaint did not provide defendants with solid and unambiguous information that the case was removable, the Court finds that plaintiff's interrogatory responses alleging that defendants retaliated against him for seeking leave pursuant to the FMLA did provide defendants with notice of facts indicating that removal was possible. The relevant interrogatory and response is as follows:

> 8. Identify all protected activity you engaged in that forms the basis of the allegations in paragraph 21 of the Amended Complaint, including the date of the alleged protected activity, the person(s) to whom the protected activity was communicated, the manner in which you contend you were retaliated against for engaging in such protected activity, the person(s) you contend retaliated against you, and the date of any such retaliation.
>
> Answer: [Objections omitted] Subject to and without waiving these objections, Plaintiff answers as follows: Among the protected activities in which Plaintiff engaged are: he verbally complained of discrimination, retaliation, and violations of the FMLA in 2005, 2006, 2008 and 2009. Plaintiff attempted to file a formal complaint of discrimination and violations of the FMLA in 2006 internally with Columbia Gas but was told he could not do so. In 2006, Plaintiff filed a charge of discrimination with the Ohio Civil Rights Commission alleging discrimination and retaliation. In 2009, Plaintiff filed a formal complaint with Columbia Gas against Brian Tomcho and later filed a complaint of discrimination with the Ohio Civil Rights Commission and Equal Employment Opportunity Commission. In addition, Plaintiff exercised his right

>to seek medical leave under the FMLA for serious medical conditions both for himself and his family throughout his employment at Columbia Gas.
>
>Additional information regarding the above-listed protected activity as well as other protected activity is within the possession and control of Defendants and third-parties. Plaintiff reserves the right to supplement this answer as his investigation is ongoing.

Plaintiff's interrogatory responses were thus not specifically limited to state law claims as defendants argue. Indeed, defendants relied on plaintiff's verified interrogatory responses in their notice of removal as the "other paper" to establish removability under 28 U.S.C. § 1446(b). Whether the signature page was included when plaintiff served defendants with the responses is irrelevant for purposes of determining whether defendant had knowledge of facts leading to the possibility of removal. *Cf. Holston,* 1991 U.S. App. LEXIS 14129 at *10-11 (refusing to broaden the scope of the removal statute by inferring a requirement permitting the defendant to sit on information already in its possession until it "receives" that same information in the form of answers to its interrogatories). The signature page provided defendants with no additional facts relevant to plaintiff's claims. Defendants thus had sufficient information to at least inquire as to whether plaintiff intended to pursue federal claims.

Defendants also argue that it was the combination of plaintiff's interrogatory answers and his deposition testimony that caused defendants to inquire of plaintiff's counsel whether he intended to pursue an FMLA claim. The transcript attached to defendants' opposition, however, reflects plaintiff being cross-examined as to whether he knew that he had to provide documentation supporting his FMLA leave, and does not address plaintiff's claims of discrimination or retaliation. (Fultz Depo. 200-205.)

The Court finds that under the circumstances, the removal period began to run when the

9

amended complaint was filed on June 30, 2010, and in any event no later than September 15, 2010, when defendants received plaintiff's interrogatory responses. Defendants' removal petition is therefore untimely under 28 U.S.C. § 1446(b), and the case is remanded.

**B.**    **Motion for Fees and Costs**

A district court has discretion under 28 U.S.C. § 1447(c) in awarding a plaintiff its costs and fees associated with remanding a case. In general, objectively unreasonable removals should result in fee awards to plaintiffs. *Warthman,* 549 F.3d at 1060 (citing *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 140 (2005)). A court must consider that the "cost-and-fees provision in § 1447(c) [is designed] to permit removal in appropriate cases, while simultaneously 'reduc[ing] the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff.'" *Id.* Thus, a departure from the general rule may be warranted under unusual circumstances, such as where the plaintiff delayed in seeking remand or failed to disclose facts necessary to support jurisdiction. *Id.*

In this case, the Court finds that removal was objectively unreasonable. Plaintiff's amended complaint expressly invoked a federal statute as a basis for jurisdiction. Even assuming that plaintiff's amended complaint did not provide defendants with solid and unambiguous information that the case was removable, defendants were in possession of facts indicating that removal was possible no later than September 15, 2010. Defendants in fact relied on this same information in their notice of removal.[2] Removing the case more than 30 days after receiving those facts was thus unreasonable.

---

[2] As noted in § A, defendants argue that the interrogatory responses were not reliable until they received plaintiff's verification page.

10

Plaintiff states that he has incurred attorneys' fees in the amount of $6543.75, supports this figure with counsel's affidavit, and asks the Court to award this amount "and any additional fees or costs that may be incurred in the future." Defendants do not oppose or object to this amount. The Court finds, however, that an award in excess of the $6543.75 in fees that plaintiff has incurred is not supported by the evidence submitted. Accordingly, plaintiff is awarded attorneys' fees in the amount of $6543.75 only.

**CONCLUSION**

For the foregoing reasons, plaintiff's Motion for Remand and Award of Fees and Costs is GRANTED.

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Date: 2/28/11